| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY** | |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**<br>Edmond M. George, Esquire<br>Michael D. Vagnoni, Esquire (pro hac vice)<br>Turner N. Falk, Esquire<br>1120 Route 73, Suite 420<br>Mount Laurel, NJ 08054-5108<br>Telephone: (856) 795-3300<br>Facsimile: (856) 482-0504<br>E-mail:  edmond.george@obermayer.com<br>             michael.vagnoni@obermayer.com<br>             turner.falk@obermayer.com<br><br>Counsel to the Debtor and Debtor in Possession | |
| In re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>                                 Debtor. | Chapter 11<br><br>Case No. 21-16520-JNP |
| ALUMINUM SHAPES, L.L.C.,<br><br>                                 Plaintiff,<br><br>     v.<br><br>IFM EFECTOR INC.<br><br>                                 Defendant. | ADVERSARY NO.<br>21-01466-JNP |

## STIPULATION OF SETTLEMENT

THIS STIPULATION OF SETTLEMENT (the "Stipulation") is entered into on this 18th day of November, 2021 (the "Effective Date") by and between IFM Efector Inc. ("IFM") and Aluminum Shapes, L.L.C. ("the Debtor").

## BACKGROUND

1. The Debtor is an industry leader in the fabrication, processing, and extruding of aluminum metals for use in, *inter alia*, the swimming pool, trucking, trailer, and outdoor storage industries.

2. On August 15, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the District of New Jersey, Camden Vicinage (the "Bankruptcy Court").

3. The Debtor continues to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtor is the Plaintiff in the instant adversary proceeding.

4. IFM manufactures sensors and other products for industrial automation.

5. The Debtor contracted with IFM for certain products and services.

6. On March 17, 2021, IFM initiated a collections action in the Superior Court of New Jersey, Special Civil Part, Camden County Docket Number DC-002545-21 for all sums alleged to be due owing on the underlying debt (the "Pre-Petition Action").

7. On May 5, 2021, a judgment was entered in the Pre-Petition Action in favor of IFM and against the Debtor in the amount of $4,302.15 (the "Judgment").

8. Pursuant to New Jersey law, a judgment of the Special Civil Part does not automatically become a lien against all real property in the State of New Jersey currently owned or thereafter acquired by the Debtor unless a Statement for Docketing is filed in the Superior Court.

9. IFM did not file a Statement for Docketing.

10. IFM failed to take any steps to execute upon or otherwise perfect the Judgment, and therefore, does not possess a lien on the Debtor's real property.

11. On September 9, 2021, IFM filed a proof of claim against the Debtor's Bankruptcy estate (the "POC") asserting a secured claim in the amount of $4,775.27. (POC #16).

12. On November 9, 2021, the Debtor initiated the instant adversary proceeding against IFM, seeking avoidance of any asserted lien pursuant to 11 U.S.C. §§ 506(d) and 544, a determination that POC is an unsecured claim pursuant to 11 U.S.C. § 506(a)(1), and related relief.

13. IFM acknowledges the POC is an unsecured claim against the Debtor's estate.

14. In an effort to resolve this matter without the need for litigation, IFM and the Debtor desire to enter into this Stipulation.

**NOW THEREFORE**, for good and valuable consideration and intending to be legally bound hereby, IFM and the Debtor agree as follows:

A. The background, as stated above in paragraphs one (1) through fifteen (15) is hereby incorporated into the terms of this Stipulation.

B. On or within three (3) business days of the execution and delivery of this Stipulation, the Debtor shall file a motion with the Bankruptcy Court for an order approving this Stipulation pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)") and other applicable bankruptcy law (the "Settlement Motion"). This Stipulation shall be evidenced and implemented by this Stipulation of Settlement, the Settlement Motion, and the Final Order (defined below) approving this Stipulation.

C. "Final Order" shall mean an order approving the Stipulation entered by the Bankruptcy Court that is unstayed and has become final and non-appealable. The "Settlement Effective Date" is a date upon which the order approving this Stipulation becomes a Final Order.

D. The Final Order shall state:

(1) The POC (POC #16) is disallowed as a secured claim in its entirety;

(2) IFM is allowed a general unsecured claim in the amount of $4,775.27, pursuant to 11 U.S.C. § 506(a)(1);

(3) Any asserted lien is hereby avoided pursuant to 11 U.S.C. §§ 506(d) and 544; and

(4) The instant adversary proceeding shall be dismissed with prejudice;

E. The terms of this Stipulation are subject to approval of the Bankruptcy Court. If the Final Order is not entered, this Stipulation is null and void.

F. This Stipulation may be executed in counterparts, each of which shall be an original and all of which when taken together shall constitute a single agreement with the same effect as if the signatures thereto and hereto were upon the same instrument;

G. The parties declare, represent, and warrant (a) they have authority to enter into this Stipulation; (b) the undersigned are authorized to act on their behalf; (c) all legal requirements for their signatures have been satisfied; and (d) they have complete power and authority to release the claims released herein;

H. This Stipulation shall inure to the benefit of, and shall be binding upon IFM and the Debtor and each of their respective stockholders, directors, officers, employees, assigns, successors, affiliates, successors, subsidiaries, controlling and controlled corporations, representatives, insurers, and successors in interest;

I. This Stipulation was drafted mutually and cooperatively by the parties and shall be construed in such light;

J. This Stipulation constitutes the entire agreement among the parties hereto with respect to the subject matter hereof.

**IN WITNESS WHEREOF** and intending to be legally bound hereby, the parties have hereunto set their hands and seals as of the Effective Date.

| | |
|---|---|
| **IFM EFECTOR INC.** | **ALUMINUM SHAPES, L.L.C.** |
| **By:** *Eugene M. Banta* <br> **Eugene M. Banta** <br> **Attorney for Creditor** | **By:** /s/Doug Bathauer <br> **Doug Bathauer** <br> **Chief Operating Officer** |